UNITED STATES, Appellant,

v.

Marvin S. PRETLOW, Private First Class, U. S. Army, Appellee.

No. 40,391.

CM 439700.

U. S. Court of Military Appeals.

May 10, 1982.

For Appellee: Captain Gary D. Gray (argued); Colonel Edward S. Adamkewicz, Jr., Major James F. Nagle (on brief).

For Appellant: Captain Richard P. Laverdure (argued); Major John T. Meixell; Major Ted B. Borek, Colonel R. R. Boller (on brief).

Opinion of the Court

COOK, Judge:

Charged with attempted robbery and conspiracy to commit robbery, in violation of Articles 80 and 81, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 881, respectively, appellee was convicted, pursuant to his pleas, of aggravated assault and conspiracy to commit robbery, in violation of Articles 128 and 81, UCMJ, 10 U.S.C. §§ 928 and 881, respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for 2 years, and reduction to the grade of E–1. After the convening authority approved the sentence as adjudged, the United States Army Court of Military Review affirmed the findings of guilty of aggravated assault, but set aside the findings of guilty of conspiracy to commit robbery on the ground that the failure of the military judge to explain any of the elements of the offense of robbery made accused's plea to that offense improvident.[1] The court specifically found that

> [t]he military judge did not explain any of the elements of the offense of robbery or, in any way, make it clear to the

---

1. The Court of Military Review returned the record for a rehearing on the conspiracy charge and the sentence, or on the sentence only, in the discretion of the convening authority.

appellant what those elements were. Accordingly, we must conclude that the plea was not adequately shown to have been provident and reverse the appellant's conviction of the offense of conspiracy to commit robbery.

The Judge Advocate General of the Army certified the following issue pursuant to Article 67(b)(2), UCMJ, 10 U.S.C. § 867(b)(2):

WHETHER, WHERE THE ACCUSED PLEADED GUILTY TO CONSPIRACY TO COMMIT ROBBERY AND TO A RELATED AGGRAVATED ASSAULT, THE MILITARY JUDGE ADVISED THE ACCUSED OF ALL THE ELEMENTS OF THE CONSPIRACY AND THE AGGRAVATED ASSAULT, THE FACTS ELICITED DURING THE INQUIRY INDICATE THAT THE ACCUSED FULLY UNDERSTOOD THE MEANING OF THE WORD "ROB," AND THE RECORD AS A WHOLE REFLECTS THAT THE ACCUSED UNDERSTOOD THE IMPORT OF HIS PLEAS AND ALL THE ELEMENTS OF ROBBERY, THE ARMY COURT OF MILITARY REVIEW ERRED IN DETERMINING THAT THE PLEA OF GUILTY TO CONSPIRACY TO COMMIT ROBBERY WAS IMPROVIDENT ON THE GROUND THAT "[T]HE MILITARY JUDGE DID NOT EXPLAIN ANY OF THE ELEMENTS OF ... ROBBERY OR, IN ANY WAY, MAKE IT CLEAR ... WHAT THOSE ELEMENTS WERE."

Appellate government counsel contend that "[t]he lower court erred in holding that the failure of the military judge to set out explicitly all elements of the offense of robbery rendered appellee's plea improvident." [2] We disagree and affirm.

During the providence inquiry, the military judge advised the accused:

Now, with regard to both of these charges, assault and conspiracy, there are common elements or essential facts that the government will have to prove. They are first of all:

That you are, in fact, Private First Class Marvin S. Pretlow;

That you are properly in the United States Army, serving with the 124th Maintenance Company 1st Maintenance Battalion, and

That, these offense[s] occurred at Boeblingen, Germany, a place outside of the territorial limits of the United States. Do you understand?

.    .    .    .    .

The government does have to prove those essential facts in both of these charges. Now, directing your attention to the first charge, that is, a violation of the Uniform Code of Military Justice, Article 128, in addition to those common elements, the government will have to prove:

That, on the 22nd of December of last year that you did bodily harm to an individual by the name of Klaus Robring;

That you did so by striking him on the head with a stick; and

That you did so with a means—with a certain means, and I—as I said before, you used a stick in the assault; and

That the bodily harm was done with unlawful force and violence; and

That the stick was used in a manner likely to produce grievous bodily harm.

.    .    .    .    .

Now, before you can be convicted of Charge II and its Specification, the government would have to prove, in addition to those common elements that I've mentioned:

That, on or about the 22nd of December last year, that you entered into an agreement with one, Private Willie Richardson, Jr., to commit the offense of robbery; and

2. We have difficulty in answering the certified issue in that it assumes "that the accused fully understood the meaning of the word 'rob,' and the record as a whole reflects that the accused understood the import of his pleas and all the elements of robbery," facts which are in apparent contradiction to the holding of the court below and our consideration of the record of trial. We prefer instead to consider the issue as characterized by appellate government counsel. *See United States v. Fisher*, 7 U.S.C. M.A. 270, 274, 22 C.M.R. 60, 64 (1956).

That, while the agreement continued to exist, and you remained a party to the agreement, you, with the purpose of carrying out the agreement that you made with Richardson, performed an overt act, that is, you did something, and the overt act that you did was, in fact, hit Klaus Robring twice with a stick. Do you understand what I've just said?

.    .    .    .    .

We'll get into those a little deeper later.

A stipulation of the facts surrounding the incident leading to the charges and specifications was presented to the military judge. It contained words, "robbing" and "rob," used in terms of what the conspirators intended to do. Later the accused said: "'Well, cab drivers usually have a lot of money, maybe we ought to rob one of those.'" In recapitulating, the military judge stated in part:

> But, now, before you can be found guilty of conspiracy there must be an agreement that existed between you and Richardson to rob the taxi driver, and while the agreement was in existence you struck the taxi driver over the head in an attempt to rob [him] . . . or in an effort to rob him.

Finally, in recapitulating before accepting the accused's plea to the conspiracy specification, the military judge said:

> Now, Private Pretlow, I informed you earlier that the elements of proof with regard to the conspiracy charge is that you entered into an agreement with, one, Willie Richardson, Jr., to com[m]it the offense of robbery, and that while this agreement was in existence or this plan existed and while you were a party to this plan or agreement, you, with the purpose of carrying out the plan to rob Klaus Robring picked up a stick that you described and entered into his taxi with the stick. That is sufficient to complete

3.  There was a pretrial agreement here.

4.  Stated another way, "a guilty plea [must] be in accordance with actual facts," *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980), and the "inquiry must be made to ascertain if

the offense of conspiracy. Do you understand that?

.    .    .    .    .

Although at a later time as you indicated, you withdrew from the plan, you changed your mind about carrying out the robbery, but your conduct in securing the stick and getting into the taxi with the stick for the purpose of robbing the taxi driver is sufficient to complete the offense of conspiracy. Do you understand that?

The military judge then found that the pleas were provident and found the accused guilty in accordance with his pleas.[3]

Unlike some civilian jurisdictions, military law requires that a plea of guilty will not be accepted if the "accused . . . sets up matter inconsistent with the plea, or if it appears that he has entered the plea . . . improvidently or through lack of understanding of its meaning and effect."[4] Article 45(a), UCMJ, 10 U.S.C. § 845(a); *cf. North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and cases cited therein. In order to permit reviewing authorities to make this determination without resort to "a veritable blizzard of conflicting affidavits" relating to subjective states of mind submitted after the fact, *see United States v. Chancelor*, 16 U.S.C.M.A. 297, 300, 36 C.M.R. 453, 456 (1966), we set forth the familiar and oft quoted standard in *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969):

> [T]he record of trial . . . must reflect not only that the elements of each offense charged have been explained to the accused but also that the military trial judge or the president has questioned the accused about what he did or did not do, and what he intended (where this is pertinent), to make clear the basis for a determination by the military trial judge or president whether the acts or the omissions of the accused constitute the of-

an accused is convinced of his own guilt." *United States v. Moglia*, 3 M.J. 216, 218 (C.M.A.1977); *United States v. Johnson*, 1 M.J. 36 (C.M.A.1975).

fense or offenses to which he is pleading guilty. [Citations omitted.] This requirement will not be satisfied by questions such as whether the accused realizes that a guilty plea admits "every element charged and every act or omission alleged and authorizes conviction of the offense without further proof." A military trial judge or a president personally addressing the accused to explain the elements of the offense with which he is charged and to question him about his actions and omissions should feel no obligation to apologize or to disclaim any intent that his actions reflect on the competence of the accused's counsel.

The present Manual for Courts-Martial adopts this procedure. *See* para. 70*b*, Manual for Courts-Martial, United States, 1969 (Revised edition).

Later, however, in *United States v. Kilgore*, 21 U.S.C.M.A. 35, 44 C.M.R. 89 (1971), we seemed to have modified this express requirement. There the accused was charged with absence without leave and the military judge failed to specifically set forth the elements of that offense. He did, however, conduct a detailed inquiry into the facts supporting the charge which, in consideration of the totality of the inquiry, related the facts to the elements of the offense of unauthorized absence. We held:

> From the detail and the progression of questions asked him, he could only conclude that each group of questions dealing with a particular offense covered the essential requirements of proof for that offense. We are satisfied that the military judge complied with *Care*'s requirement that he "explain the elements" of the offenses to which the accused pleads guilty.

(*Id.* at 37, 44 C.M.R. at 91).

▮ While our holding in *Kilgore* may be valid in terms of the scope of inquiry

required for "one of the simplest of all military offenses," *United States v. Care, supra* at 540, 40 C.M.R. at 252; *see United States v. Brooks*, 19 U.S.C.M.A. 35, 41 C.M.R. 35 (1969), it does not apply here. The accused was charged with conspiracy to commit robbery. Conspiracy is an offense requiring an agreement between two or more persons to commit *another* offense recognized by the Uniform Code of Military Justice and the doing of an act to effect the agreement. Para. 160, Manual, *supra*. To comply with *Care*'s strictures, the elements of conspiracy, which must be explained to the accused, must also include the elements of the substantive offense which was the object of the conspiracy.[5] That was not done here.

▮ Despite the assertions of the dissenting judge in the court below and of appellate government counsel, we do not believe that "there is nothing complex in the term 'robbery' " and that the accused "could not have failed to understand what it encompassed." Indeed, "[r]obbery . . . is a compound offense" consisting of the elements of larceny and some form of assault. *United States v. Calhoun*, 5 U.S.C.M.A. 428, 431, 18 C.M.R. 52, 55 (1955). The precise legal definition of robbery is not, even now, one upon which there is no disagreement even among judges and legal writers. *See United States v. Chambers*, 12 M.J. 443 (C.M.A. 1982). With this in mind we cannot conclude that the accused fully understood the technical, double-faceted meaning of "rob" as it related to his plea and, hence, that his plea was provident.

The requirements of Article 45 are designed to provide protection to the accused from entering an unknowing, unwitting, or coerced plea of guilty; the requirements of *United States v. Care, supra*, are designed to provide reviewing authorities, including this Court, with an objective test to meas-

---

5. The elements of both offenses must be explained to the accused and related to the facts elicited during the inquiry. *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969); *United States v. Johnson, supra; United States v. Davenport, supra; contra, United States v. Grecco*, 5 M.J. 1018 (C.M.A.

1976). "In order to confirm the existence of a factual basis for the plea, the elements of each offense charged *must* be explained to the accused, and additional specific inquiry must be made of the accused, and should be made of counsel for both sides." Military Judges' Guide, DA Pam 27–9, para. 3–1 (1970).

ure the understanding of the accused at the time of the plea. To substitute a broad consideration of the totality of the inquiry would convert the objective test to a subjective evaluation by the particular reviewer, and could deprive both the accused and the Government of the benefits now flowing to each. This we do not choose to do.[6]

The certified question is answered to the extent that we affirm the holding of the United States Army Court of Military Review "that the plea of guilty to conspiracy to commit robbery was improvident on the ground that '[t]he military judge did not explain any of the elements of . . . robbery or, in any way, make it clear . . . what those elements were.' "

Chief Judge EVERETT concurs.

FLETCHER, Judge (concurring):

I agree with the opinion of the Court in the present case. *See United States v. Crouch*, 11 M.J. 128, 130 (C.M.A.1981) (Fletcher, J., dissenting).

---

**6.** While we emphasize our support for a strict interpretation of *Care*, we do not wish to indicate that this holding necessarily requires the precise definition of other related legal concepts which may, in a given situation, pertain to an accused's plea. Thus, in *United States v. Crouch*, 11 M.J. 128 (C.M.A.1981), we did not require "a structured, formulistic interpretation" which would have required the military judge to inquire about the accused's intent where the accused's own "factual account of the incident established his role as at least an aider and abettor" in the crimes of larceny and unlawful entry. *Id.* at 129. We did note that "[i]t would have been eminently appropriate for the trial judge to have explicitly advised the accused" concerning the law of aiding and abetting. *Id.* at 130. Since such concepts must often be related to the facts of the particular case, we wish to make clear that in these other areas of the plea, the military judge may accommodate his inquiry to the individual case in order to satisfy the requirements of Article 45, Uniform Code of Military Justice, 10 U.S.C. § 845, and *Care.*