**UNITED STATES**

v.

**Staff Sergeant John D. LUBY, FR 129–44–5699 United States Air Force.**

**ACM S25545.**

U. S. Air Force Court of Military Review.

23 Aug. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the Government: Colonel James P. Porter, Lieutenant Colonel Bruce R. Houston and Captain Richard O. Ely, II.

Before POWELL, KASTL and RAICHLE, Appellate Military Judges.

DECISION

KASTL, Senior Judge:

Upon pleas of guilty, Staff Sergeant Luby was convicted of four drug-related offenses—conspiracy to introduce marijuana into a military installation, wrongful introduction of marijuana into a military aircraft, and use and possession of marijuana, in violation of Articles 81 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 934.[1] His sentence is a bad conduct dis-

---

1. The conspiracy to introduce marijuana into a military installation and wrongful introduction of marijuana into a military aircraft specifications read as follows:

    CHARGE I: Violation of the Uniform Code of Military Justice, Article 81

    Specification: In that STAFF SERGEANT JOHN D. LUBY, United States Air Force,

60th Organizational Maintenance Squadron, did, at Clark Air Base, Republic of the Philippines, on or about 7 November 1981, conspire with Sergeant Rodney S. Halcomb to commit an offense under the Uniform Code of Military Justice, to wit: wrongful introduction of marijuana into a military installation, to wit: Travis Air Force Base, Califor-

charge, confinement at hard labor for three months, reduction to airman basic, and a reprimand.

# I

■ On appeal the accused contends that his guilty plea to conspiracy was improvident. In the guilty plea inquiry, the military judge explained the elements of conspiracy. He failed to immediately instruct on the elements of the substantive offense which was the *object* of the conspiracy— viz., wrongful introduction of marijuana into a military installation.

The accused, citing *United States v. Pretlow,* 13 M.J. 85 (C.M.A. 1982), argues that the judge erred, requiring disapproval of the finding of guilty as to the conspiracy offense. The government responds that the elements of the substantive offense were explained a moment later when the judge advised on the elements of the offense of wrongful introduction of marijuana into a military aircraft.

We hold that the military judge did not err in his guilty plea inquiry. In *United States v. Crouch,* 11 M.J. 128, 129–130, the Court of Military Appeals noted that it had long rejected a "structured, formulistic interpretation" to the inquiry required by

nia, for the purpose of use and transfer, and in order to effect the object of the conspiracy the said Sergeant Rodney S. Halcomb did place the marijuana aboard a United States Air Force C–5 aircraft, tail number 70462. CHARGE II: Violation of the Uniform Code of Military Justice, Article 134

\* \* \* \* \* \*

Specification 2: In that STAFF SERGEANT JOHN D. LUBY, United States Air Force, 60th Organizational Maintenance Squadron, did, at Clark Air Base, Republic of the Philippines, on or about 7 November 1981, wrongfully introduce some quantity of marijuana into a military aircraft, to wit: a United States Air Force C–5 aircraft, tail number 70462, for the purpose of use.
There were two different packages of marijuana placed in the aircraft. The first, addressed in the specification of Charge I, was a large plastic bag containing 310 grams of marijuana; it was intended for resale to others; the second, set out in Specification 2 of Charge II, was a small bag of marijuana placed aboard the aircraft by the accused for personal use.

*United States v. Care,* 18 U.S.C.M.A. 536, 40 C.M.R. 247 (1969), and instead examined each guilty plea to ascertain if the accused was adequately advised. *United States v. Kilgore,* 21 U.S.C.M.A. 35, 44 C.M.R. 89 (1971); *United States v. Wimberly,* 20 U.S. C.M.A. 50, 42 C.M.R. 242 (1970). *See generally, United States v. Davenport,* 9 M.J. 364, 366–367 (C.M.A. 1980).[2]

Our sister courts have discarded a myopic, hypertechnical approach to guilty plea inquiries. For example, they have held that omission of an element of an offense may be non-prejudicial. *United States v. Otterbeck,* 50 C.M.R. 7 (N.C.M.R. 1974); *United States v. Burton,* 43 C.M.R. 732 (A.C.M.R. 1971). They have also ruled that misstatement of an element can be non-prejudicial. *United States v. Jeffers,* 47 C.M.R. 803 (N.C.M.R. 1973); *United States v. Peoples,* 43 C.M.R. 656 (A.C.M.R. 1971).

The present case involves not misstated or omitted elements, but rather a delayed discussion. Given the precedents cited, the issue need not detain us long. Here, the substantive offense was spelled out correctly for the accused—albeit not in the next instant. We reject the notion that failure to *immediately* instruct on the elements of that substantive offense was fatal.

**2.** *See generally,* Vickery, *The Providence of Guilty Pleas: Does the Military Really Care?* 58 Mil. L. Rev. 209, 210 (fall 1972) (noting a current ebb in procedural protections afforded criminal defendants). *See also, United States v. Pretlow,* 13 M.J. 85, 88 (C.M.A. 1982) (noting that the Court "seemed to have modified this express requirement" of strictest compliance in guilty pleas set out in *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969)).

Cases dealing with presentencing instructions in which the trial judge fails to advise the members on both the conspiracy and the underlying substantive offenses are not particularly probative. *See generally, United States v. Shacket,* 44 C.M.R. 427 (A.C.M.R. 1971); and *United States v. Canter,* 42 C.M.R. 753 (A.C. M.R. 1970). Even there, however, if a missing element is included within the four corners of the instructions with sufficient clarity that the court is fairly informed, the military judge has adequately covered the subject. *United States v. Schiefer,* 28 C.M.R. 417 (A.B.R. 1959); *see generally, United States v. Ward,* 42 C.M.R. 527, 528 (A.C.M.R. 1970).

Furthermore, in examining the record, we find that the judge adequately explained the elements of the underlying substantive offense of wrongful introduction of marijuana, the object of the conspiracy, when he explained the separate charge.[3]

In this case, the record makes it abundantly clear that the crimes were committed, the accused did them, and he so admitted in a lengthy, accurate, painstaking inquiry. *See United States v. Otterbeck, supra,* 50 C.M.R. at 11. Therefore, we are convinced that the record reflects the accused was adequately informed of his options and understood the import of his pleas. *See United States v. Kilgore, supra,* at 91; *United States v. Footman,* 13 M.J. 827 (A.C.M.R. 1982).

We find *United States v. Pretlow, supra,* inapposite. There, the accused was charged with conspiracy to commit robbery. The Court found error since none of the elements of the substantive robbery offense were ever explained. Here, in contrast, the elements were adequately spelled out when the military judge advised upon the elements of wrongful introduction of marijuana into a military aircraft.

## II

■ The accused argues that the trial counsel's sentencing argument was improper and was not cured by the military judge's cautionary instruction.

During sentencing, the trial counsel argued in rebuttal to the accused's argument for leniency, that:

> The government should submit that the convening authority has already considered [the accused's] good service and the cooperation in referring this court to a Special Court-Martial.

The defense objected and the military judge instructed the members to disregard the comment in their sentencing deliberations.

The defense now claims that the military judge's instruction should have been more detailed, cautioning the members to disregard any inferences from the prosecution's remark.

We agree that trial counsel's remark was improper but find that the military judge's cautionary instructions rendered the error nonprejudicial. *United States v. Williams,* 13 U.S.C.M.A. 208, 32 C.M.R. 208 (1962); *United States v. Fleener,* 43 C.M.R. 974 (A.F.C.M.R. 1971). This is particularly so since the sentence was less than the maximum authorized. *United States v. Carpenter,* 11 U.S.C.M.A. 418, 29 C.M.R. 234 (1960).

The remaining error relating to sentence appropriateness is resolved against the accused.

The findings of guilty and sentence are AFFIRMED.

RAICHLE, Judge, concurs.

POWELL, Senior Judge, absent.

---

3. On the facts of this case, we do not consider as significant the factual differences existing at the same place and time between: (a) a plan calling for introduction of marijuana into a military installation by introducing it aboard a specific C–5 aircraft; and (b) wrongful introduction of marijuana into the same C–5 aircraft. This reasoning is buttressed by Instruction 3–146, AFM 111–2, Court-Martial Instructions Guide, 15 October 1971, which treats air bases and aircraft as optional locations wherein drugs can be introduced:

> The Court is advised that the elements of this offense are as follows:
> (a) That, at the time and place alleged, the accused introduced [marihuana] [a habit-forming narcotic drug, to wit: (opium) (morphine) (heroin) (cocaine) (_____) ] in the amount alleged into (_____ Air Force Base) (Air Force Aircraft No. _____) (_____); . . . .

*See also,* Instruction 3–146, DA Pam 27–9, Military Judges' Benchbook, May 1982.