**660**

UNITED STATES, Appellee,

v.

Specialist Four Clinton G. PETERKIN,
SSN 521–08–9463, United States
Army, Appellant.

CM 442293.

U. S. Army Court of Military Review.

7 Sept. 1982.

Major Raymond C. Ruppert, JAGC, Captain Dennis E. Brower, and Captain Joel R. Maillie, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Richard P. Laverdure, JAGC, and Captain Michael R. Smythers, JAGC, were on the pleadings for appellee.

Before FULTON, COHEN and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge:

Pursuant to his pleas, appellant was convicted of the offenses of attempted murder, conspiracy to commit robbery, violation of a general regulation by carrying in a concealed manner a hunting knife with a blade longer than three inches, and robbery in violation of Articles 80, 81, 92, and 122, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, 892, and 922 (1976), respectively. The military judge sentenced him to a dishonorable discharge, confinement at hard labor for fifteen years, total forfeiture of all pay and allowances, and reduction to the grade of Private E–1. In accordance with a pretrial agreement, the convening authority approved only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for ten years, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

Appellant contends that his plea of guilty to the charge of attempted murder was improvident because of the military judge's failure to list or explain the elements of murder, which is required where the offense charged is an attempt.

The charges in this case are the result of appellant agreeing with two friends to rob a German taxicab driver in order to obtain money needed by one of his friends. They also agreed to kill whomever they robbed to prevent that individual from identifying them if they were later caught. Before entering the victim's taxicab, the appellant was handed a hunting knife which he later

used to stab the victim several times in the upper chest and hand. Appellant and his two friends then departed Coleman Barracks, Mannheim, Germany for Oggersheim, Germany in the victim's taxicab. As they neared Oggersheim, the appellant, who was sitting behind his victim, grabbed the victim's head and placed the knife to the victim's throat. As the victim ducked down in his seat and tried to defend himself, the appellant stabbed him several times while one of the appellant's friends took the victim's wallet. Appellant and his two friends then fled the scene and subsequently split up the proceeds of the robbery. The appellant was apprehended a short time later by the German police.

To support his contention, the appellant relies on *United States v. Pretlow,* 13 M.J. 85 (C.M.A.1982), wherein the Court of Military Appeals held that a plea of guilty to conspiracy to commit robbery was improvident on the ground that the military judge did not explain any of the elements of robbery, or in any way make clear what those elements were. However, this case is factually distinguishable from *Pretlow,* and consequently permits the opposite result.

In contrast to *Pretlow,* the military judge in the instant case did make clear to the appellant what the elements of murder were by questioning the appellant and obtaining from the appellant a factual recitation of what transpired on the night in question. Moreover, the military judge's providency inquiry was supplemented by a stipulation of fact which supported the factual predicate of the plea of guilty. Appellant acknowledged that he understood the elements of the attempted murder offense. During the appellant's discussion of the factual basis for his plea with the military judge, the appellant indicated that to prevent the victim of the robbery from later identifying him and his friends, the only thing to do was to kill the man; that when he grabbed the victim around the head and put the knife to the victim's throat his purpose was to cut his throat; that he was trying to kill the victim when he put the knife to his throat; that when the victim moved down in his seat and attempted to protect himself the appellant then stabbed the victim several times with the intent to kill him; and that in the stipulation of fact, the appellant stated he wanted to end the victim's life.

Although the military judge did not specifically inform the appellant during the providency inquiry that "the act was done with the specific intent to kill unlawfully, that is, to kill without justification or excuse" as suggested in the then current Military Judges' Guide (DA Pam 27–9, para. 4–2, note 4 (1969) (as changed)), there can be little doubt that the appellant understood and appreciated the unlawfulness of his actions. The word "murder," both in legal and general use, carries a connotation of killing a human being without justification or excuse. To suggest otherwise would be wholly unreasonable.

Under the circumstances of this case, we believe that the military judge's inquiry satisfies the requirements of *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), and confirms in an objective manner the basis of the appellant's understanding at the time of his plea. *See United States v. Crouch,* 11 M.J. 128 (C.M.A.1981).

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge COHEN concur.