**UNITED STATES**

v.

**Patrick J. FINN, Jr., 042 60 3130
Aviation Machinist's Mate
Airman (E-3), U.S. Navy.**

**NMCM 85 1079.**

U.S. Navy-Marine Corps Court of
Military Review.

Sentence Adjudged 9 Jan. 1985.

Decided 9 May 1985.

Maj. Michael E. Canode, USMC, Appellate Defense Counsel.

Lt. Gary K. Van Meter, JAGC, USNR, Appellate Defense Counsel.

Lt. P.J. Battin, JAGC, USNR, Appellate Government Counsel.

Before GREGORY, MITCHELL and BARR, JJ.

MITCHELL, Judge:

The appellant was convicted of conspiracy to distribute controlled substances and possession of drug abuse paraphernalia. He assigns as error that the military judge did not explain the elements of the object offense of the conspiracy and did not conduct an inquiry into all of the elements of the object offense, thus rendering his guilty pleas improvident.

In conducting the providence inquiry, the military judge manifestly did not separately treat the substantive and object offenses involved in the conspiracy charge. He informed the appellant of the elements of conspiracy, explaining that the object of the agreement which had to be proved was "specifically, wrongful distribution of controlled substances," and explaining that the Government would also have to prove that the appellant and the alleged co-conspirators wrongfully distributed methamphetamine to effect the object of the conspiracy. There was no reference by the military judge to the discipline prejudicing/service discrediting conduct element of the object drug distribution offense. Subsequently, the military judge elicited factual responses from the appellant which related to the agreement, the duration of its existence, and the overt act of wrongful distribution of methamphetamine. The military judge did not, however, structurally treat the object offense as a separate inquiry matter from the basic conspiracy and did not specifically ask questions related to the discipline prejudicing/service discrediting conduct element of the object offense. Concerning the elements covered in the military judge's advice and factual inquiry, the appellant's responses were otherwise appropriately supportive of his pleas.

If the structured and formalistic approach to *Care*[1] inquiries was ever mandated by the law, it died in *United States v. Crouch*, 11 M.J. 128 (C.M.A.1981). In *Crouch*, the Court of Military Appeals made clear that the providence inquiry as a whole was to be considered in determining whether an accused was properly advised in respect to the pleas of guilty, citing *United States v. Kilgore*, 21 U.S.C.M.A. 35, 44 C.M.R. 89 (1971) and *United States v. Wimberly*, 20 U.S.C.M.A. 50, 42 C.M.R. 242 (1970). The Court of Military Appeals did not abandon the *Kilgore-Crouch* approach in *United States v. Pretlow*, 13 M.J. 85, 88 (C.M.A.1982). In *Pretlow*, the Court

of Military Appeals was faced with the offense of conspiracy to commit robbery and a military judge who explained none of the elements of robbery and did not inquire of the accused in respect to the facts of that offense, even though, as the Court of Military Appeals noted, robbery is a complex offense having a variety of meanings in the general population. *United States v. Kilgore, supra,* and its progeny, in fact, were reaffirmed in *Pretlow, supra* at 13 M.J. 88, 89 n. 6. *See, United States v. Luby,* 14 M.J. 619 (AFCMR 1982), *pet. denied,* 15 M.J. 172 (C.M.A.1983).

The appellant in this case was plainly advised that the elements of proof of the conspiracy offense included proof that there was an agreement between the parties to wrongfully distribute controlled drugs and proof that in furtherance of that object the appellant and the others wrongfully distributed methamphetamine. Moreover, the appellant's responses to the military judge's inquiries indicated that the appellant knew and understood these elements and that he in fact entered into such an agreement and that he committed the alleged overt act. The appellant also understood the term "distribution" and evidenced no confusion or misunderstanding of what constituted the charged offense or the facts indicating its commission by him. No such confusion or misunderstanding is now claimed. The fact that the military judge elementally and factually melded the substantive and object offenses is of no moment. Neither is the failure of the military judge to specifically advise the appellant of the discipline prejudice/service discrediting conduct element of the object drug offense or to specifically inquire of the appellant regarding it, since this unique element is more of a legal conclusion or the judgment of others concerning the character of proved or admitted conduct and does not readily lend itself to typical *Care* inquiry. *United States v. Hatley,* 14 M.J.

---

1. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). The purposes of this inquiry are to insure that the record reflects that an accused understands the elements of proof of an offense charged and that the stated facts of his conduct constitute the offense to which the accused's guilty pleas relate.

890 (NMCMR 1982); *United States v. Long*, 20 M.J. 657 (NMCMR 1985). This circumstance is especially true in drug abuse cases where the character of the conduct is so recognized as prejudicial to good order and discipline that independent proof of the element is unnecessary. *United States v. Davis*, No. 84 2859 (NMCMR 16 October 1984) (unpublished), *pet. denied*, 19 M.J. 295 (C.M.A. 29 January 1985). *See Schlesinger v. Councilman*, 420 U.S. 738, 760, 95 S.Ct. 1300, 1314, 43 L.Ed.2d 591 (1975); *Murray v. Haldeman*, 16 M.J. 74 (C.M.A.1983); *United States v. Trottier*, 9 M.J. 337, 345–47 (C.M.A.1980); *United States v. Beeker*, 18 U.S.C.M.A. 563, 40 C.M.R. 275 (1969).

 We hold that the providence inquiry conducted in this case was adequate to comply with the requirements of *United States v. Care, supra,* notwithstanding the failure of the military judge to specifically cover the discipline prejudicing/service discrediting conduct element of the object offense of the alleged conspiracy. While so holding, we do not in the least suggest that military judges are not to be held to a strict standard of compliance with *Care* in the conduct of providence inquiries. The better and less risky practice is to ensure that the inquiry is logically and clearly structured and that all of the bases are patently covered, lest *United States v. Pretlow, supra,* foreshadow an increasing level of judicial paternalism in respect to the structure and content of the providence inquiry.

 Being mindful of the appellant's desire to complete his enlistment, we are nonetheless persuaded that an unsuspended bad conduct discharge is appropriate in this case.

We note that the convening authority neglected to state in the initial action that the portion of confinement to be suspended would be suspended for one year commencing the date of trial, as provided in the pretrial agreement. We hold that the suspension period runs from the date of trial vice the date of the convening authority's action.

Accordingly, the findings and, subject to the holding regarding the commencement date of the suspension period, the sentence as approved on review below are affirmed.

Senior Judge GREGORY and Judge BARR concur.