UNITED STATES, Appellee,

v.

Private First Class Harold D. THORNSBURY, Jr., United States Army, Appellant.

ARMY 20011032.

U.S. Army Court of Criminal Appeals.

10 March 2004.

For Appellant: Captain Terri J. Erisman, JA; Captain Kathy Martin, JA (on brief); Colonel Robert D. Teetsel, JA; Lieutenant Colonel Mark Tellitocci, JA; Major Allyson G. Lambert, JA; Captain Kathy Martin, JA (on specified issues).

For Appellee: Colonel Lauren B. Leeker, JA (on brief); Colonel Lauren B. Leeker, JA; Lieutenant Colonel Margaret B. Baines, JA; Major Theresa A. Gallagher, JA; Captain Mark A. Visger, JA (on specified issues).

Before HARVEY, Senior Judge, BARTO, and SCHENCK, Appellate Military Judges.

## OPINION OF THE COURT

SCHENCK, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of attempted larceny (two specifications), conspiracy to commit larceny, and larceny (three specifications) in violation of Articles 80, 81, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, and 921 [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for thirteen months, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority reduced appellant's sentence to confinement to eleven months but otherwise approved the remainder of the adjudged sentence. Appellant's case is before this court pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

We will address four issues. First, appellant's guilty pleas to both attempted larcenies were provident even though the military judge failed to restate the elements of the underlying larceny and even though appellant never expressly stated that he intended to permanently deprive the victims of their property. Second, substantial damage to a Mustang convertible was sufficient to establish attempted larceny, even though upon discovery of who owned the car appellant chose not to steal the car stereo therein. Third, the military judge entered erroneous findings that were inconsistent with appellant's pleas of guilty by exceptions. Fourth, appellant's guilty plea to conspiracy to commit larceny was improvident with respect to the participation of one of the alleged co-conspirators. The last two issues require corrective action.

## PROVIDENCE INQUIRY

Appellant pleaded guilty to Specifications 1 and 2 of Charge II, attempted larceny of car stereos. The military judge informed appellant of the elements of attempt under Article 80, UCMJ. However, he did not concurrently explain the elements of the underlying offense of larceny. Furthermore, he did not specifically ask appellant whether he intended to permanently deprive the owners of their vehicles' stereos. Finally, the military judge also failed to follow the usual practice of reading applicable definitions from the Military Judges' Benchbook.[1] We will discuss the first two of these three matters.

"[T]he military judge is tasked with ensuring that the military accused understands the nature of the offenses to which guilty pleas are accepted." *United States v. Roeseler*, 55 M.J. 286, 289 (C.A.A.F.2001). "[T]o find a plea of guilty to be knowing and voluntary, the record of trial 'must reflect' that the elements of 'each offense charged have been explained to the accused' by the military judge." *United States v. Redlinski,*

---

1. Dep't of Army, Pam. 27–9, Legal Services: Military Judges' Benchbook [hereinafter Benchbook] (1 Apr. 2001); *see United States v. Morris*, 58 M.J. 739, 743 (Army Ct.Crim.App.) (indicating that failure to provide definitions showed lack of attention to detail, but was nevertheless harmless), *pet. denied*, 59 M.J. 163 (C.A.A.F.2003).

58 M.J. 117, 119 (C.A.A.F.2003) (quoting *United States v. Care,* 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253, 1969 WL 6059 (1969)) (holding guilty plea to attempted distribution of marijuana improvident because military judge failed to explain elements of attempt); *see also* UCMJ art. 45(a), 10 U.S.C. § 845; Rule for Courts–Martial [hereinafter R.C.M.] 910(c)(1). However, a technical listing of the elements of an offense is not required; rather, we look "at the context of the entire record to determine whether an accused is aware of the elements, either explicitly or inferentially." *Redlinski,* 58 M.J. at 119; *see United States v. Kilgore,* 21 U.S.C.M.A. 35, 37, 44 C.M.R. 89, 91, 1971 WL 12456 (1971) (holding guilty plea to absence without leave provident where military judge failed to explain elements because detail and progression of questions covered essential requirements of proof). *But see United States v. Pretlow,* 13 M.J. 85, 88–89 (C.M.A.1982) (noting that consideration of "totality of the inquiry" did not apply where a military judge failed to explain the substantive elements of conspiracy to commit robbery, a complex offense).

Larceny includes wrongfully taking possession of property "with intent permanently to deprive" the owner of its use and benefit. UCMJ art. 121(a)(1). Attempted larceny consists of an act, done with the specific intent to commit larceny, that amounts to "more than mere preparation and tending, even though failing, to effect its commission." UCMJ art. 80(a).

■ Concerning the military judge's failure to explain the elements of the underlying larcenies in Specifications 1 and 2 of Charge II, appellant was not prejudiced. The military judge had previously explained to appellant the elements of larceny when discussing the three larceny specifications and the conspiracy to commit larceny specification. *See United States v. Luby,* 14 M.J. 619, 620–21 (A.F.C.M.R.1982), *pet. denied,* 15 M.J. 172 (C.M.A.1983) (finding no error where explanation of elements of substantive offense in conspiracy was delayed but not omitted— elements were later explained in conjunction with separate offense); *United States v. Finn,* 20 M.J. 696, 697 (N.M.C.M.R.1985)

(finding no error where military judge "elementally and factually melded [together] the substantive and object offenses" of conspiracy to distribute and possession). As such, we hold that appellant's guilty plea was provident to Specification 1 of Charge II, despite the military judge's errors. We similarly hold that appellant's guilty plea to Specification 2 of Charge II was provident for the same reasons, but further discuss whether his guilty plea to this specification is provident in terms of the voluntary abandonment issue referenced in the next section.

■ Concerning the military judge's failure to ask appellant whether he intended to permanently deprive the vehicle owners of their car stereos, the providence inquiry provides sufficient factual support for both attempted larceny specifications. As to Specification 1 of Charge II, appellant stated that he and Specialist (SPC) Perez (his co-conspirator) drove up next to a truck and appellant stood on one side while SPC Perez stood on the other. Specialist Perez attempted to enter the vehicle by "popping the lock," but the door handle came off. The stipulation of fact indicates that appellant and SPC Perez attempted to break into the truck "with the intent to steal the stereo."

Regarding Specification 2 of Charge II, appellant told the military judge that he entered into an agreement to break into cars and steal stereos. Appellant said that he and SPC Perez drove up to SPC K's parked Mustang, SPC Perez handed appellant a razor to cut the convertible top, and appellant immediately used the razor to do so. Appellant explained that they approached SPC K's Mustang because "we was [sic] wanting to get the stuff out of his car because Specialist Perez wanted it in his vehicle." The stipulation of fact further states that appellant and SPC Perez "cut the convertible top in an attempt to break into the car and commit larceny by stealing the car's stereo." Additionally, appellate defense counsel concede in their brief that appellant admitted the element of intent to permanently deprive with respect to the attempted larceny of SPC K's car stereo.

The record as a whole establishes that appellant had the intent to "steal," which

necessarily includes the intent to permanently deprive a victim of property. *See United States v. Minter*, 17 M.J. 542, 543 (A.C.M.R. 1983) (holding plea provident where military judge failed to ask if accused intended to permanently deprive because accused admitted intent to steal); *United States v. Sweet*, 38 M.J. 583, 592 (N.M.C.M.R.1993) (encouraging use of stipulation of fact in support of factual basis for guilty plea), *aff'd*, 42 M.J. 183 (C.A.A.F.1995). Appellant's intent to permanently deprive the victims of their property was clearly established by his description of the offenses during the providence inquiry and in the stipulation of fact.

## VOLUNTARY ABANDONMENT

During the · *Care*[2] inquiry, appellant's statements raised an issue regarding whether appellant voluntarily abandoned the attempted larceny of SPC K's car stereo. *See United States v. Schoof*, 37 M.J. 96, 100–03 (C.M.A.1993); *United States v. Byrd*, 24 M.J. 286 (C.M.A.1987) (discussing voluntary abandonment as affirmative defense). Appellant told the military judge that he and SPC Perez drove up to the Mustang and decided to steal the stereo. Appellant further testified as follows:

> I cut the back window out, and when I got in I just had a gut feeling because I knew whose car it was and I set the alarm off on purpose and jumped out and told Perez to just leave.... I told Perez that I cut wires to the alarm so he wouldn't think I just got in there and became a chicken. And as far as that like subconsciously I wanted to take the stuff, I know I am guilty of it, subconsciously I just felt bad about it because I actually knew whose car it was.

The military judge replied, "It sounds to me like you kind of were thinking about doing it and you broke into the car and then you changed your mind at some point?" Appellant responded, "Because the alarm went off and plus that saved me for the fact that Perez would be just like hey what happened, why didn't you take that thing."

▇▇▇ A military judge may not accept a guilty plea without first determining that a

factual basis exists for the plea. *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002); R.C.M. 910(e); *see* UCMJ art. 45. The military judge must elicit from the accused "factual circumstances as revealed by the accused himself [that] objectively support that plea." *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980). Should the accused set up a matter inconsistent with the plea at any time during the proceeding, the military judge either must "resolve the apparent inconsistency or reject the [guilty] plea." *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F.1996) (citing UCMJ art. 45(a); R.C.M. 910(h)(2)); *see Davenport*, 9 M.J. at 367. Furthermore, when such inconsistent matters "reasonably raise[ ] the question of a defense ... it [is] incumbent upon the military judge to make a more searching inquiry to determine the accused's position on the apparent inconsistency with his plea of guilty." *United States v. Timmins*, 21 U.S.C.M.A. 475, 479, 45 C.M.R. 249, 253, 1972 WL 14168 (1972).

Appellate defense counsel urge this court to set aside the finding of guilty to the attempted larceny of SPC K's car stereo and to dismiss that specification (Specification 2 of Charge II). Appellate defense counsel argue that this relief is warranted because the military judge did not explain the voluntary abandonment defense or determine whether the defense was viable. Appellate defense counsel cite *United States v. Walther*, 30 M.J. 829, 832–33 (N.M.C.M.R.1990), wherein our sister service court found Seaman Walther's guilty plea improvident to attempted larceny due to voluntary abandonment. Seaman Walther broke a car window to steal a stereo, but then realized that his conduct was wrong and decided not to remove the stereo from the car. *Id.* at 830–33.

Appellate government counsel counter, as follows: 1) appellant never voluntarily renounced the crime of larceny; 2) his plan was frustrated by unanticipated external factors (knowledge of the vehicle owner and the alarm being set off); and 3) appellant caused substantial harm to the victim and thereby lost the voluntary abandonment defense.

**2.** 18 U.S.C.M.A. 535, 40 C.M.R. 247, 1969 WL    6059.

We agree with the government's third argument, which makes it unnecessary to address the government's first two contentions. Essentially, voluntary abandonment is "a defense to an attempt offense that the person voluntarily and completely abandoned the intended crime, solely because of the person's own sense that it was wrong, prior to the completion of the crime." *Manual for Courts–Martial, United States* (2000 ed.) [hereinafter *MCM*, 2000], Part IV, para. 4c(4); *see also* Benchbook, para. 5–15 (explaining voluntary abandonment). The person must experience a " 'change of heart' " reflected by a complete and voluntary renunciation of criminal purpose. *See Schoof,* 37 M.J. at 104 (quoting *United States v. Rios,* 33 M.J. 436, 440 (C.M.A.1991)). Further criminal offenses after an aborted attempt, especially when the subsequent conduct is in pursuit of "precisely the same crime" as the attempt, reflect that an accused has not completely renounced his criminal purpose.[3] *Id.* (concerning attempted espionage); *see Rios,* 33 M.J. at 440–41 (concerning attempted robbery).

■ Subsequent to the *Walther* decision, our superior court further clarified the limits of this defense in *United States v. Smauley,* 42 M.J. 449, 451 (C.A.A.F.1995), determining that the defense of voluntary abandonment does not exist when substantial harm occurs as a result of the attempt. Specifically, the court decided that Sergeant (SGT) Smauley did not have a voluntary abandonment defense because he "committed a serious indecent assault on his stepdaughter before desisting in his attempt to commit carnal knowledge upon her." *Id.* at 452; *see also United States v. Collier,* 36 M.J. 501, 511 (A.F.C.M.R.1992) (holding that "when an attempted murder has proceeded so far that

injury results, abandonment is no longer a defense").

■ While appellant did not cause personal injury, his attempt to enter the Mustang resulted in substantial damage to the victim's personal property—appellant cut the convertible top with a razor. Because his conduct caused substantial harm, any possible defense of voluntary abandonment was negated and appellant's guilty plea to attempted larceny of SPC K's car stereo was provident. *See Smauley,* 42 M.J. at 452; *Collier,* 36 M.J. at 511. In assessing the harm resulting from appellant's conduct, we note the more than minimal extent and nature of the damage to SPC K's vehicle. *See* BLACK'S LAW DICTIONARY 1280 (5th ed.1979) (defining the term "substantial"). Cost of repair or replacement would also be factors to consider.[4]

## CONSPIRACY CHARGE

The military judge made two errors in regard to Charge III and its Specification, conspiracy to commit larceny. First, in pleading guilty, appellant excepted out some of the alleged overt acts and larcenies originally alleged in the conspiracy offense. The providence inquiry was consistent with appellant's guilty plea by exceptions. However, at the conclusion of the providence inquiry, the military judge stated that he found appellant guilty of Charge III and its Specification, "in accordance with [his] plea of guilty." The military judge did not mention the exceptions. The staff judge advocate's post-trial recommendation, submitted to the convening authority pursuant to R.C.M. 1106, did not recommend corrective action.

"Informalities or inaccuracies in a verdict have been held to be immaterial if the inten-

---

3. In appellant's case, he continued to engage in larcenous conduct following the attempted theft of the car stereo from SPC K's Mustang.

4. Appellant's conduct could have been charged as a violation of Article 109, UCMJ, 10 U.S.C. § 809. Article 109 prohibits the willful and wrongful destruction or damage of personal property. After conduct such as appellant's, in which he significantly damaged SPC K's personal property by cutting his Mustang convertible top, "there is little motive to withdraw from an attempt in order to escape criminal liability for it

when the actor's conduct already constitutes a more [or equally] serious crime than does the attempt itself." *United States v. Haney,* 39 M.J. 917, 921 (N.M.C.M.R.1994); *compare MCM,* 2000, Part IV, para. 33e(2), *with MCM,* 2000, Part IV, para. 46e(1)(d) (when involving property valued in excess of $100, both Articles 109 and 121, UCMJ, at the time of appellant's court-martial, provided for a maximum punishment that included a dishonorable discharge and five years of confinement).

tion of the parties is evident from the record." *United States v. Guerrero,* 25 M.J. 829, 831 (A.C.M.R.1988) (finding appellant guilty in accordance with his pleas by exceptions and substitutions even though military judge found appellant guilty as charged), *findings modified on other grounds,* 28 M.J. 223 (C.M.A.1989). In appellant's case, the intention of the parties is clear—appellant pleaded to and was found guilty of conspiracy to commit larceny by exceptions. Nevertheless, we will take corrective action in our decretal paragraph. Consistent with the plea colloquy and stipulation of fact, we will except out words from Charge III and its Specification to reflect appellant's guilty plea by exceptions.

■ The second error by the military judge with respect to Charge III and its Specification concerns the providence of appellant's plea as to his agreement with SGT Teal to commit larceny. Charge III and its Specification allege that appellant conspired with SGT Teal and two other individuals to commit multiple larcenies. During the providence inquiry, appellant stated that he "entered into an agreement with Specialist Perez and Private Bower to commit larcenies [by] breaking into cars and stealing the stereos out of them, and rims and tires." Appellant did not mention any agreement with SGT Teal; however, he informed the military judge that he gave a stolen radio to SGT Teal to gain his favor. Appellant said that on another occasion, during the commission of a larceny, he and SPC Perez went to SGT Teal's residence for advice on how to successfully remove car rims. Sergeant Teal "jerry-rigged" two wrench sockets for appellant and SPC Perez to use.

In response to the military judge's question, appellant affirmed that he was "responsible for the acts of the people [he was] with . . . during these incidents . . . Sergeant Teal, Brower, and Perez." Appellant also responded affirmatively to the military judge's question whether appellant had "an agreement to kind of go do this together?" The military judge failed, however, to ask appellant the following: 1) whether SGT Teal agreed to participate in the conspiracy; 2) at what point in time SGT Teal entered into the conspiracy; and 3) whether any overt acts were committed in furtherance of the conspiracy after SGT Teal agreed to participate in the conspiracy. *See MCM,* 2000, para. 5c(1); *United States v. Whitten,* 56 M.J. 234, 236 (C.A.A.F.2002). The stipulation of fact, agreed to by all parties and admitted into evidence without objection, does not mention SGT Teal.

We find that the record of trial shows a substantial basis in law and fact for questioning appellant's guilty plea to Charge III and its Specification. *See United States v. Prater,* 32 M.J. 433, 436 (C.M.A.1991). The factual circumstances admitted by appellant do not objectively support the guilty plea. *See Garcia,* 44 M.J. at 497–98 (citing *United States v. Higgins,* 40 M.J. 67, 68 (C.M.A. 1994); *Davenport,* 9 M.J. at 367; R.C.M. 910(e)). The providence inquiry lacked an adequate factual basis to establish appellant's guilt of conspiracy to commit larceny with SGT Teal. *See* UCMJ art. 66(c); R.C.M. 910(e). We will delete reference to SGT Teal from Charge III and its Specification.

## DECISION

We have considered the matters asserted by appellant under *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The court affirms only so much of the findings of guilty of Charge III and its Specification as finds that appellant did, at or near Killeen, Texas, on or about 1 April 2001 and continuing through 1 August 2001, conspire with Private George Brower and Specialist Fabian Perez to commit an offense under the Uniform Code of Military Justice, to wit: larceny of property of a value over $100 belonging to multiple unknown persons, and in order to effect the object of the conspiracy, appellant did: break into a Pontiac Grand Am, belonging to Motor Pool Used Cars, on or about 1 April 2001, at or near Killeen, Texas, and steal the car stereo from it; break into a red Mustang, belonging to Specialist K, at or near Fort Hood, Texas, on or about 15 May 2001, with the intent to steal the stereo from the Mustang; steal a CD player from a Mustang, belonging to Cleo Bay Honda, at or near Killeen, Texas, on or

about 1 July 2001; and steal four tire rims from a Toyota Celica, belonging to J & E Auto Sales, on or about 1 June 2001, at or near Killeen, Texas. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), the court affirms the sentence.

Senior Judge HARVEY and Judge BARTO concur.