# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant CHAD R. CAMPBELL**
**United States Army, Appellant**

ARMY 20120850

Headquarters, 3rd Infantry Division and Fort Stewart (convened)
Headquarters, Fort Stewart (action)
Tiernan P. Dolan, Military Judge (arraignment)
Alexander L. Taylor, Military Judge (trial)
Lieutenant Colonel Francisco A. Vila, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Matthew R. Laird (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine Brantley, JA; Captain Daniel M. Goldberg, JA (on brief).

24 July 2014

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

COOK, Senior Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of conspiracy to commit larceny, one specification of larceny, and one specification of wrongful appropriation, in violation of Articles 81 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for five months, forfeiture of $1,774 pay per month for five months, and reduction to the grade of E-1.  The convening authority approved the bad-conduct discharge, 117 days of confinement, forfeiture of $994 pay per month for four months, and reduction to the grade of E-1.[1]

---

[1] Because appellant was reduced to the grade of E-1, the maximum allowable forfeiture was $994 pay per month for 12 months.  The convening authority's action cured the military judge's error of adjudging forfeitures which exceeded the maximum authorized amount.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises one assignment of error, which merits discussion and relief.

## BACKGROUND

In his lone assignment of error, appellant alleges:

> THERE IS A SUBSTANTIAL BASIS IN LAW AND
> FACT TO QUESTION APPELLANT'S PLEA OF
> GUILTY ON CHARGE I (CONSPIRACY) BECAUSE
> THE MILITARY JUDGE DID NOT ELICIT FACTS TO
> SUPPORT THE OVERT ACT OF STEALING.

In general, the conspiracy specification alleged appellant and Specialist GA, at or near Fort Stewart, Georgia, on or about 22 February 2012, conspired to steal copper wire, of a value more than $500, the property of Edwards Electric Service, and, in order to effect the object of their conspiracy, they stole copper wire.  The larceny specification alleged, generally, that appellant, at or near Fort Stewart, on or about 24 February 2012, stole copper wire, of a value more than $500, the property of Edwards Electric Service.

The military judge began appellant's guilty plea inquiry by attempting to list the elements for the conspiracy charge.  Although successfully covering the two elements associated with a conspiracy and informing the appellant that the government was required to prove "every element of the offense of larceny," the military judge failed to list the elements of the offense that the appellant was charged with conspiring to commit: the larceny of copper wire.

After discussing the concepts of agreement, overt act, and effective abandonment with appellant, the following colloquy occurred:

> MJ:  Now I want you to describe all of the elements of the offense of conspiracy as you understand them.
>
> ACC:  I believe the first element, Your Honor, is that you enter into an agreement with another person to commit a crime.
>
> MJ:  Right.  And while that agreement was in place, what happened?
>
> ACC:  And then you and the other person carry out and execute the plan.

> MJ: Or you did something to carry it out?
>
> ACC: Yes, Your Honor.
>
> MJ: An overt act?
>
> ACC: Yes, Your Honor.
>
> MJ: That's what I was talking about earlier. And in this case I believe there was an overt act. Was there, and we're going to [sic] into this the elements of that, a larceny that took place?
>
> ACC: Yes, there was larceny [sic].
>
> MJ: Was that the object of the conspiracy?
>
> ACC: Yes, Your Honor.
>
> MJ: Copper wire?
>
> ACC: Stealing copper wire, yes, Your Honor.
>
> MJ: All right. So, describe in your own words what you agreed to do and what you did.
>
> ACC: We had seen the copper wiring inside of a construction site. We decided or we planned on going to steal it. And we planned it out, and then we executed that.
>
> MJ: All right. Let's go over now the maximum punishment inquiry.

Later in the providence inquiry, when reviewing the larceny of the copper wire offense, the military judge listed and defined the relevant elements for larceny and engaged in a colloquy with appellant that covered each element. However, there was no discussion as to whether this larceny was the same larceny that constituted the overt act of the conspiracy charge. A stipulation of fact was not used in appellant's case.

3

## LAW AND DISCUSSION

A military judge's acceptance of a guilty plea is reviewed for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996); *United States v. Rogers*, 59 M.J. 584, 585 (Army Ct. Crim. App. 2003); *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). "The test for an abuse of discretion is whether the record shows a substantial basis in law or fact for questioning the plea." *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013) (citing *Inabinette*, 66 M.J. at 322).

In order for a "plea of guilty to be knowing and voluntary, the record of trial must reflect that the elements of each offense charged have been explained to the accused by the military judge." *Id.* at 345 (quotation marks and citations omitted). Further, the record must demonstrate that the accused "understood how the law related to the facts" of each offense. *Id.* at 345-46. If the military judge fails to explain each element to the appellant, "he commits reversible error, unless 'it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty.'" *United States v. Redlinski*, 58 M.J. 117, 119. (C.A.A.F. 2003) (citation omitted).

In the instant case, the military judge failed to list the elements of larceny when he reviewed with appellant the offense of conspiracy to commit larceny. By itself, this omission may not have amounted to harmful error because the military judge did list and explain the elements of larceny when he covered the separate larceny specification. *Id.* *See United States v. Luby*, 14 M.J. 619 (A.F.C.M.R. 1982)[2]

However, in addition to sufficiently covering the elements of charged offenses, the military judge must also establish an adequate factual predicate. "The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea." Rule for Courts-Martial 910(d). In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980). It is not enough to elicit legal conclusions. The military judge must elicit facts to support the plea of guilty. *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996). The record of trial must

---

[2] In *Luby*, the Air Force Court held the military judge did not commit error during a guilty plea inquiry when he failed to cover the elements of the substantive offense that was the object of the conspiracy when he immediately covered these elements in regards to the same substantive offense separately charged. However, appellant's record does not reflect a "lengthy, accurate, painstaking inquiry" that was present and found to be persuasive in *Luby*.

reflect not only that the elements of each offense charged have been explained to the accused, but also "make clear the basis for a determination by the military trial judge . . . whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty." *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969).

Appellant's words establish no more than he and some other person "had seen the copper wiring inside of a construction site. We decided or we planned on going to steal it. And we planned it out, and then we executed that."

We find this inquiry does not establish an adequate factual predicate and note the following non-exhaustive list of deficiencies: failure to establish who was appellant's co-actor and co-conspirator; failure to establish when the agreement or overt act took place; failure to establish to whom the copper wire belonged; failure to establish the value of the copper wire (the specification alleged the property was of a value in excess of $500); and failure to establish the taking was with the intent to permanently deprive another person of the use of this property.

The lack of specificity in appellant's colloquy is troubling for another reason. At sentencing, appellant's alleged co-conspirator, Specialist (SPC) GA, testified that before he entered into his conspiracy with appellant to steal copper wire, appellant told SPC GA that appellant and another soldier had recently stolen copper wire from an on-post construction site – the same construction site SPC GA and appellant would soon victimize. Thus, the record has evidence of two distinct conspiracies to steal copper wire involving appellant. However, there is no way to determine which conspiracy appellant was discussing during his providence inquiry.[3]

Additionally vexing, as noted above, is that although the military judge later discussed the elements of larceny with appellant, that discussion did not establish whether that larceny was the overt act effecting the charged conspiracy. In other words, we cannot affirm appellant's conviction for conspiracy to commit larceny of copper wire just because appellant later entered a provident plea of guilty to larceny of copper wire. The plea colloquy did not establish a legal or factual nexus between the two offenses.

---

[3] Furthermore, if we were to affirm a generic specification that at some unknown location, on some unknown date, appellant conspired with some unknown person to steal copper wire of some value, the property of someone else, and in order to effect the object of the conspiracy, did steal copper wire, we have doubts that appellant could use the record of trial to protect himself from a subsequent prosecution, given the two conspiracies mentioned in the record. *Cf. United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994) (an appellant "may turn to the entire record of trial in raising double-jeopardy protection.") (citing *United States v. Williams*, 21 M.J. 330, 332 (C.M.A. 1986)).

As such, we find a substantial basis in law or fact for questioning this plea and the military judge abused his discretion in accepting it. We will take appropriate action in our decretal paragraph.

**CONCLUSION**

On consideration of the entire record, the findings of guilty of Charge I and its Specification are set aside. The remaining findings of guilty are AFFIRMED. We are able to reassess the sentence on the basis of the error noted, and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape or appellant's punitive exposure which might cause us pause in reassessing appellant's sentence. Second, appellant pleaded guilty in a judge-alone court-martial. Third, we find the nature of the remaining offenses still captures the gravamen of appellant's misconduct. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

Reassessing the sentence based on the error noted, the remaining findings of guilty, and the entire record, we AFFIRM the sentence as approved by the convening authority. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Judges TELLITOCCI and HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court