**UNITED STATES of America, Appellee,**

v.

**Earl Emanuel BALL, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**L.C. Dewayne JOHNSON, Jr., Appellant.**

Nos. 93–3928EA, 93–3931EA.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1994.

Decided April 25, 1994.

Counsel who presented argument on behalf of the appellant was Val P. Price of Jonesboro, AR.

Counsel who presented argument on behalf of the appellee was Kenneth F. Stoll, Asst. U.S. Atty., of Little Rock, AR.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Earl Emanuel Ball and L.C. Dewayne Johnson, Jr., appeal their convictions for entering a bank with intent to commit robbery in violation of 18 U.S.C. § 2113(a). The defendants claim their convictions should be dismissed because the statute is vague and overbroad, and because the evidence was insufficient to support their convictions. In the alternative, Ball and Johnson argue that they should be granted a new trial because the District Court[1] erred in refusing to instruct the jury on a renunciation, abandonment, or withdrawal defense. We affirm.

## I.

On the morning of January 26, 1993, Ball and Johnson drove up to the American State Bank branch in Osceola, Arkansas, between 10:00 and 10:30 a.m. A teller, Byron Hudson, watched the defendants get out of the car, walk up to the door, but turn and leave without entering. Later, around 11:45 a.m., the defendants returned to the bank; this time they went in. About the same time, a second teller, Pat Nunally, emerged from the rear of the bank, joining Hudson. Ball, who had an account with the bank (but was not previously known to Hudson), took out a white envelope with writing on it, and inquired what it took to open a checking account. Hudson recited the requirements, at which point Ball turned and left the bank. Johnson followed suit, but before he left, the teller noticed that he was holding, cupped in his hands, what appeared to be a gun. As the defendants got into the car, the teller noticed Johnson slip the gun into his pants.

The tellers notified the authorities of the incident and provided the vehicle's license number. The state police shortly located the car and arrested the defendants. Under the driver's seat, the police discovered a BB pistol and rubber gloves; in the glove compartment was a starter pistol. Also in the car was a pawn ticket for the pistol—dated the previous day—and a Wal–Mart receipt for the gloves, dated 10:33 a.m. on the day of the incident. In addition, under Ball's coat, officers found a backpack containing a roll of duct tape. The officers found another pair of rubber gloves behind the seat in the patrol car in which Johnson was transported.

Following the arrest, the defendants were escorted past the drive-through window at the bank, where they were identified by the tellers.

## II.

The statute Ball and Johnson challenge reads as follows:

> Whoever enters or attempts to enter any bank ... with intent to commit in such bank ... any felony affecting such bank ... in violation of any statute of the United States, or any larceny ... [s]hall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a) (1994). We see nothing vague about this statute. The proscribed conduct, entering a bank with intent to commit a felony or larceny, is clear. The mere fact that the government must prove malevolent intent in order to obtain a conviction does not render the law suspect. Likewise, the defendants' overbreadth challenge is unavailing; we fail to see how the statute discourages any legitimate activities.

## III.

The defendants also claim that the government failed to produce evidence sufficient to sustain the jury verdicts. We will reverse only if, "viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

The only element of the offense Ball and Johnson contest is whether they intended to commit a robbery or larceny. The defendants argue that the evidence provided by the government was perhaps enough to raise a suspicion that such a scheme was intended, but not to convict beyond a reasonable doubt. The defendants particularly em-

---

1. The Honorable Susan Webber Wright, United States District Judge for the Eastern and Western Districts of Arkansas.

phasize that neither of them threatened the tellers, nor announced a robbery, nor demanded any money. Furthermore, they point out, Johnson did not brandish his weapon, nor point it at anyone. Ball, meanwhile, was not even seen holding a gun. A customer of the bank, Ball argues that he merely asked what was necessary to open a checking account and left.

The evidence of guilt suffices to support the jury's verdict. The earlier, aborted visit to the bank, the abrupt departure, and, most importantly, the possession of a gun—even if only a starter pistol—are evidence that Ball and Johnson shared the intent to use "force or intimidation" to rob the bank when they entered, although Ball apparently got cold feet when he realized the second teller might recognize him. We cannot say that no reasonable juror could have convicted on these facts.

## IV.

Finally, Ball and Johnson claim they should be granted a new trial because the District Court refused to grant an instruction on a defense theory: that, even if the defendants entered the bank with intent to commit a robbery, they subsequently abandoned or withdrew from their intention when they left the bank without pointing a gun or announcing a stick-up. The abandonment defense typically applies to attempt offenses. Here, however, the defendants were not charged with attempted robbery, but rather entering with intent to commit robbery. Thus, the moment Ball and Johnson entered the bank with the requisite intent, they had completed the offense with which they were charged. The trial court committed no error in refusing to read an abandonment instruction to the jury.[2]

## V.

The judgment of the District Court is affirmed.

___

2. The trial court did take into account defendants' withdrawal at the sentencing stage of the