UNITED STATES, Appellee,

v.

**Gregory LARK, Staff Sergeant,
U.S. Air Force, Appellant.**

No. 97–0266.
Crim.App. No. 31991.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 4, 1997.

Decided Feb. 18, 1998.

Sullivan, J., filed opinion concurring in the result.

For Appellant: *Major Robin S. Wink* (argued); *Major Ormond R. Fodrea* (on brief); *Colonel Douglas H. Kohrt* and *Lieutenant Colonel Kim L. Sheffield.*

For Appellee: *Captain Steven D. Dubriske* (argued); *Colonel Theodore J. Fink* and *Lieutenant Colonel Michael J. Breslin* (on brief); *Colonel Brenda J. Hollis.*

CRAWFORD, Judge:

Pursuant to his pleas, appellant was convicted of writing bad checks (4 specifications) and failure to pay a just debt, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The convening authority approved the sentence of a bad-conduct discharge, 12 months' confinement, and reduction to E–1. The Court of Criminal Appeals affirmed the findings and sentence.

We granted review of the following issue:

WHETHER APPELLANT IMPROVIDENTLY PLEADED GUILTY TO DISHONORABLE FAILURE TO PAY A JUST DEBT IF THE UNDERLYING LOAN WAS ILLEGAL.

For the reasons set forth below, we hold that appellant's guilty plea was provident.

## FACTS

During the providence inquiry, appellant explained the facts surrounding his offenses. Appellant borrowed $7,000 from a co-worker, L, in May of 1994. He promised to pay L the $7,000 plus $2,000 in interest by paying her $1,000 a month for 9 months. Appellant failed to pay most of the debt and wrote L several bad checks. Appellant again explained the circumstances surrounding the repayment of the loan in his unsworn statement.

## DISCUSSION

■ Appellant now claims that the loan agreement he had with L violated Oklahoma law because the interest rate was usurious. Appellant, relying on *United States v. Allbery,* 44 MJ 226 (1996), and *United States v. Wallace,* 15 USCMA 650, 36 CMR 148 (1966), argues that if a transaction is against public policy, courts will not enforce it. During the providence inquiry, appellant explained the details surrounding the loan. Appellant argues that because the judge is presumed to know the law, the judge should have recognized the loan was against public policy and should have refused to accept appellant's plea.

The Government argues that this appeal must be examined under the stringent standards used to overturn guilty pleas. The Government asserts that appellant has not met his burden of showing that the guilty plea was improvident. Further, the Government contends that this Court should not invite appellant's speculation regarding the underlying facts that contradict appellant's admissions during the providence inquiry.

■ A military judge shall not accept a guilty plea from an accused if, "after arraignment," the accused "makes an irregular pleading, or after a plea of guilty sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect...." Art. 45(a) UCMJ, 10 USC § 845(a). During the providence inquiry, the military judge should ask the accused about the

> facts and circumstances surrounding the act or acts charged in order to establish a factual basis for the judge's conclusion that the accused is, in fact, guilty .... and if the inquiry of the accused indicates not only that the accused himself believes he is guilty but also that the factual circumstances as revealed by the accused himself objectively support that plea, then the plea may be accepted by the military judge as provident.

*United States v. Davenport,* 9 MJ 364, 366–67 (CMA 1980). Rejection of a guilty plea, on the other hand, "requires that the record of trial show a 'substantial basis' in law and fact for questioning the guilty plea." *United States v. Prater,* 32 MJ 433, 436 (CMA 1991).

■ "Once accepted as provident, a guilty plea should be set aside on appeal only if matter in the record creates a 'substantial conflict' with the guilty plea.... A statement raising an affirmative defense to a charged offense may constitute matter in substantial conflict with a guilty plea." *United States v. Smauley,* 42 MJ 449, 450 (1995) (citation omitted).

Appellant has not cited any law in the military justice system directly addressing whether, and to what extent, usury is a valid defense to failure to pay a just debt. In

arguing that his guilty plea was improvident, appellant relies on the Oklahoma Uniform Consumer Credit Code, OKLA. STAT. ANN., tit. 14A, § 1–101 *et seq.*, for the proposition that this loan was usurious. There are two problems with appellant's argument. First, it is far from clear that the particular loan at issue in this case was usurious under the provisions of Oklahoma law. Second, appellant has not presented any support for the proposition that Oklahoma recognizes usury as a complete defense to a criminal charge arising from failure to repay that loan. Under these circumstances, the military judge had no reason to recognize the potential of a usury defense when appellant explained the repayment provisions for the loan.

Thus, we hold that appellant did not raise an affirmative defense which was in substantial conflict with his guilty plea.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges GIERKE and EFFRON concur.

SULLIVAN, Judge (concurring in the result):

Appellant's plea of guilty rejected all possible legal defenses to the charged offense and admitted as facts that his failure to repay the loan and interest was dishonorable. Post-trial speculation that the loan interest rate was usurious under Oklahoma law is not appropriate. *See United States v. Harrison,* 26 MJ 474, 476 (CMA 1988). Moreover, such a determination as to the interest part of the debt alleged in this case does not justify failure to pay the principal part of the debt and, thus, no substantial inconsistency with the guilty plea is raised. *See United States v. Johnson,* 42 MJ 443, 445 (1995).