UNITED STATES

v.

Senior Airman Joshua S. HORTON,
United States Air Force.

ACM 34128.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 18 April 2000.

Decided 25 June 2001.

Appellate Counsel for Appellant: Lieutenant Colonel Timothy W. Murphy and Captain Bryan A. Bonner.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Major Lance B. Sigmon, and Captain Christopher A. Santoro.

Before YOUNG, BURD, and
PECINOVSKY, Appellate Military Judges.

PER CURIAM:

At a general court-martial, the appellant pled guilty to, and was convicted of, wrongfully using and distributing anabolic steroids, wrongfully using 3,4 methylenedioxymethamphetamine (ecstasy), and wrongfully using cocaine. Article 112a, UCMJ, 10 U.S.C. § 912a. Court members sentenced him to a bad-conduct discharge, confinement for 30 days, and reduction to E–1.

After the announcement of the sentence, but prior to authentication of the record of trial, the appellant learned that physical evidence (residue) relating to his use of cocaine had been tested and shown to be lidocaine, which is not a controlled substance under Article 112a. Despite a discovery request, the United States never made this evidence available to the appellant or his counsel. The United States joined in the appellant's request to dismiss the specification alleging the wrongful use of cocaine and hold a rehearing on the sentence. The military judge granted the request. At the rehearing, a new panel of court members sentenced the appellant to a bad-conduct discharge, confinement for 3 months, and reduction to E–1. Pursuant to Article 63, UCMJ, 10 U.S.C. § 863, the convening authority approved only so much of the sentence as provides for a

bad-conduct discharge, confinement for 30 days, and reduction to E–1.

The appellant's sole assignment of error is that his guilty plea to wrongfully using ecstasy was improvident because the facts he admitted were insufficient to show the tablets he used were in fact ecstasy. He analogizes his plea to the ecstasy offense to his plea to the cocaine offense—he is not sure that the substances he ingested were what he thought they were. Just as he was mistaken about the cocaine that turned out to be lidocaine, he is not sure that he actually used ecstasy. He asserts that the record of trial is devoid of any evidence indicating the tablets he took were ecstasy. We find the appellant's plea was provident and affirm.

■ Before accepting a guilty plea, the military judge must inform the accused of the nature of the offense and ensure that the plea is voluntary and accurate. Rule for Courts Martial (R.C.M.) 910(d) and (e). The military judge must elicit facts from the accused that "objectively" support the plea. *United States v. Shearer*, 44 M.J. 330, 334 (1996). If the accused sets up matter inconsistent with the plea, the military judge must reject it. Article 45(a), UCMJ, 10 U.S.C. § 845(a); *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980). We review the military judge's acceptance of a guilty plea for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (1996). Before overturning the military judge's acceptance of the plea, we must find a substantial basis in law and fact for questioning the plea, not a mere possibility of conflict. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991) (citing *United States v. Logan*, 47 C.M.R. 1, 3, 1973 WL 14641 (C.M.A.1973)). To determine whether there is a substantial conflict with the plea of guilty, the full context of the providence inquiry must be considered. *United States v. Smauley*, 42 M.J. 449, 452 (1995).

The elements of the offense of wrongfully using a controlled substance are as follows:

(1) That the accused used a controlled substance; and

(2) That the use by the accused was wrongful.

*Manual for Courts Martial, United States,* Part IV, ¶ 37b(2) (1998 ed.). The first element is purely factual—did the appellant knowingly and consciously use a controlled substance? The second element is a mixed question of law and fact—were there any facts or circumstances indicating the accused had any justification or excuse which would preclude the court from reaching the legal conclusion that the appellant's use was wrongful?

■ During the plea inquiry, the appellant told the military judge that a friend gave him two ecstasy tablets and he knowingly and consciously ingested them at the time and place alleged. He further admitted he had no justification or excuse for ingesting those tablets. That was sufficient to establish the appellant's guilt of wrongfully using ecstasy. The military judge did not need to ask any further questions. The appellant did not need to provide a physical description of the tablets he ingested, or to explain how he knew the tablets were ecstasy or what physical effects he experienced. By pleading guilty and conceding that he knowingly and consciously ingested ecstasy, the appellant provided sufficient facts to objectively support the first element. By disclaiming any justification or excuse for using the ecstasy, the appellant provided sufficient facts to objectively support the legal conclusion that his use was wrongful.

> We must again decline the invitation of the defense to speculate post-trial as to the existence of facts which might invalidate an appellant's guilty pleas. Such rejection is particularly appropriate in appellant's case where the inference sought to be drawn post-trial would contradict express admissions by the accused.

*United States v. Johnson*, 42 M.J. 443, 445 (1995).

By pleading guilty and admitting the facts necessary to establish both elements of the offense, the appellant knowingly waived a trial of the facts. *See United States v. Grimm*, 51 M.J. 254, 257 (1999); *United States v. Faircloth*, 45 M.J. 172, 174 (1996). The military judge did not abuse his discre-

tion in accepting the appellant's guilty plea. Although the military judge asked many more questions than necessary to establish the providence of the appellant's plea, we have found nothing in the record inconsistent with his guilty plea.

The findings are correct in law and fact, and no error prejudicial to the appellant's substantial rights occurred. Accordingly, the findings and sentence are

AFFIRMED.