# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, HAGLER, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Captain PAUL A. RIOJAS**
**United States Army, Appellant**

ARMY 20170097

Headquarters, 1st Cavalry Division (Rear)(Provisional)
Joseph A. Keeler, Military Judge
Major Edward B. Martin, Acting Staff Judge Advocate

For Appellant: Captain Zachary A. Gray, JA; Daniel Conway, Esquire (on brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Major Wayne H. Williams, JA (on brief).

26 October 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

FLEMING, Judge:

In this appeal, we find the military judge did not abuse his discretion in accepting appellant's plea of guilty to one specification of sexual abuse of seven children.

A military judge sitting as a general court-martial convicted appellant, in accordance with his pleas, of one specification of disobeying an order from a superior commissioned officer and one specification of sexual abuse of a child,[1] in violation of Articles 90 and 120b, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 920b (2012 & Supp. III 2016) (UCMJ). The convening authority approved the

---

[1] Appellant pleaded guilty to seven specifications of sexual abuse of a child. Prior to announcement of the sentence, the military judge merged these offenses into a single specification for purposes of findings and sentence.

adjudged sentence of a dismissal, confinement for nine months,[2] and forfeiture of all pay and allowances.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, one of which merits discussion but no relief. Specifically, appellant asserts the military judge abused his discretion in accepting appellant's pleas to sexual abuse of a child by failing to address a possible mistake of fact by appellant as to the ages of the seven victims. We disagree.

**DISCUSSION**

Appellant was assigned to the U.S. Army Medical Department Activity – Bavaria and resided in Amberg, Germany. Appellant frequently took morning runs at a park near his apartment, usually finishing at approximately 0745 hours. This was about the same time each morning that young girls walked by the park on their way to school. When appellant completed his runs, he would usually stretch in the park. On one such occasion, appellant's penis accidentally came out of the bottom of his admittedly "short jogging shorts." Some girls on their way to school witnessed this wardrobe malfunction and giggled.

This excited the appellant. So much so, he intentionally exposed himself to teenage girls on three or four more occasions in a similar fashion. As appellant explained during his *Care*[3] inquiry, "[W]hen I saw teenage girls walk by me while I was stretching, I would intentionally make it so my penis would be exposed outside of my shorts." Each time appellant knew his penis was exposed and was seen by teenage girls.

In total, appellant pleaded guilty to exposing himself multiple times to seven different girls who were all younger than sixteen years of age. His offense – sexual abuse of a child – required that each victim was under the age of sixteen years. *See Manual for Courts-Martial, United States* (2016 ed.) *[MCM],* pt. IV, ¶¶ 45b.a.(c), (d)(2). While not required for appellant to know the girls were under the age of sixteen, it was a defense if appellant reasonably believed the victims had attained the age of sixteen. *MCM,* ¶ 45b.a.(d)(2). On this point, appellant claims his responses to the military judge during the *Care* inquiry set up a matter inconsistent with his pleas of guilty.

---

[2] The convening authority's action was erroneous. Appellant pleaded guilty pursuant to a pretrial agreement wherein the convening authority agreed to disapprove any sentence to confinement in excess of six months. Rather than remanding this case to the convening authority for a corrected action we, as a matter of judicial economy, set aside that portion of the sentence to confinement in excess of six months.

[3] *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (citations omitted). An abuse of discretion occurs if the military judge "fails to obtain from the accused an adequate factual basis to support the plea." *Id.* (citing *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002)). We afford a military judge's decision to accept a guilty plea "significant deference." *Id.* We will not reject a plea unless the record of trial shows "'a substantial basis' in law and fact for questioning the guilty plea." *United States v. Prater*, 32 M.J. 433, 436 (C.A.A.F. 1991). That is, once a military judge has accepted a plea as provident, "an appellate court will not reverse that finding and reject the plea unless it finds a substantial conflict between the plea and the accused's statements or other evidence of record." *United States v. Shaw*, 64 M.J. 460, 462 (C.A.A.F. 2007) (quoting *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996)).

As appellant explained during his *Care* inquiry, "I did not know the age of any of the girls to whom I exposed myself; however, I made no attempt to ascertain their age." Repeatedly, he referred to the victims as "young" or "teenage." Later, the military judge asked, "did you believe that any of the girls had attained the age of 16," to which appellant responded "I only saw young women. I didn't actually know their ages and I didn't try to ascertain their age." The military judge did not explain the mistake of fact defense or directly ask appellant if he believed he had a defense to the allegations of sexual abuse of a child.

Standing alone, appellant's responses did not clearly dispel the possibility of a defense to the sexual abuse charges. "Where the possibility of a defense exists, [our superior] Court has indeed suggested that a military judge secure satisfactory disclaimers by the accused of this defense." *Prater*, 32 M.J. at 436 (citations omitted). But we are not limited to appellant's responses and consider the "'full context' of the plea inquiry," to include the stipulation of fact. *United States v. Goodman*, 70 M.J. 396, 399 (C.A.A.F. 2011) (quoting *United States v. Smauley*, 42 M.J. 449, 452 (C.A.A.F. 1995)). Viewing the record as a whole, mistake of fact as to age was not even remotely presented as a possible defense.[4]

During the *Care* inquiry, appellant read the stipulation of fact that was ultimately admitted as a prosecution exhibit. The appellant admitted under oath that everything in the stipulation of fact was true, to include the ages of the victims of his sexual abuse (variously fourteen, thirteen, and twelve years of age). More

---

[4] While we ultimately find, based on a review of the entire record, the military judge did not abuse his discretion in failing to advise appellant of the defense of mistake of fact, the *Care* inquiry was not a model for other military judges to emulate. We encourage military judges to consider advising an accused of a possible defense in situations, such as this case, where appellate litigation could result from the mere prospect of a defense.

importantly, as to each victim of sexual abuse, the stipulation of fact provided "The [a]ccused did not have an honest and reasonable mistake of fact as to her age, and at no time did the [a]ccused make any effort to ascertain her true age." Put another way, the prospect of the defense of mistake of fact did not exist because, by the accused's answers during the *Care* inquiry and the stipulation, he did not raise an honest or reasonable belief that any victim was over the age of sixteen.

In the end, we do not find appellant raised a matter inconsistent with his plea of guilty or an abuse of discretion by the military judge in accepting appellant's plea.

## CONCLUSION

The findings of guilty are AFFIRMED. Only so much of the sentence extending to a dismissal, confinement for six months, and total forfeiture of all pay and allowances is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision are ordered restored.

Senior Judge BURTON and Judge HAGLER concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court