# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, PENLAND, and COOPER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant PAUL M. MICHAUD**
**United States Army, Appellant**

ARMY 20240020

Headquarters, 1st Armored Division and Fort Bliss
Javier E. Rivera-Rosario, Military Judge
Lieutenant Colonel Shaun B. Lister, Special Trial Counsel

For Appellant: Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Robert D. Luyties, JA; Major William M. Grady, JA (on brief).

For Appellee: Colonel Richard E. Gorini, JA; Major Marc B. Sawyer, JA; Major Kathryn M. Moryl, JA (on brief).

15 April 2025

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

COOPER, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of assault consummated by a battery and one specification of domestic violence by strangulation, in violation of Articles 128 and 128b, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 928b [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge.

Appellant now complains the military judge erred in accepting his plea to the assault consummated by a battery offense without first discussing and having appellant disavow the defense of property. We disagree.[1]

------

[1] Appellant also claims the record is missing page five of the trial transcript. While that page was omitted from the electronic Record of Trial, it is contained in the

(continued . . .)

## BACKGROUND

In early January 2024, appellant was home alone when a neighbor, Ms. █ entered his house unannounced. A friend of appellant's wife, Ms. ██ regularly came into the home without invitation and (previously) without issue. On that particular day, however, appellant wanted to be left alone and asked Ms. ██ to leave. Ms. ██ refused. What began as a conversation escalated to appellant yelling at Ms. ██ demanding her departure, yet Ms. ██ refused to leave. Eventually, appellant pushed Ms. ██s upper torso, causing her to fall through the open front door, outside the home, and onto the ground. Appellant then quickly shut the door.

At appellant's guilty plea, appellant described the force used against Ms. █ as being "more force than was necessary to get her out of my house. I pushed her too hard and could have used much less force to get her out of my residence." During an exchange with the military judge, appellant acknowledged he had used "[a] lot of force," described by appellant as an "[e]ight" on a scale from one to ten, with "ten being the most forceful [appellant could] be."

After concluding his initial colloquy with appellant, the military judge asked counsel whether any further inquiry was needed. The special trial counsel (STC) asked for "a little bit more clarification that the [appellant] did not believe that his property was in immediate danger of trespass or threat," (i.e., that the defense of property did not apply to appellant's case). The military judge's questions that followed more broadly discussed self-defense, not defense of property. However, they drew a concession from appellant that he had "other options" available to him rather than "using force or violence," including calling Ms. ██s sister to retrieve her, calling the military police, or continuing to try to "talk through it without escalation and use of force." After the military judge concluded this second colloquy, the STC agreed no further inquiry was necessary. The military judge subsequently accepted appellant's plea.

## LAW AND DISCUSSION

A military judge's decision to accept a plea of guilty is reviewed for an abuse of discretion. *United States v. Kim*, 83 M.J. 235, 238 (C.A.A.F. 2023) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)). Under this standard, the court "must uphold a guilty plea unless there is 'a substantial basis in law and fact for questioning the plea.'" *United States v. Hiser*, 82 M.J. 60, 64 (C.A.A.F. 2022) (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). Under the

---

(. . . continued)
certified record of trial, submitted to this court pursuant to Rule for Courts-Martial [R.C.M.] 1114 and accessible to appellate counsel.

"substantial basis" test, the court must ask "whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *United States v. Moratalla*, 82 M.J. 1, 3-4 (C.A.A.F. 2021) (citing *Inabinette*, 66 M.J. at 322) (internal quotation marks omitted). "Once the military judge has accepted a plea as provident and has entered findings based on it, an appellate court will not reverse that finding and reject the plea unless it finds a substantial conflict between the plea and the accused's statements or other evidence on the record." *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996).

An affirmative or special defense constitutes matters "inconsistent with the plea" of guilty and therefore "when, either during the plea inquiry or thereafter, and in the absence of prior disavowals . . . circumstances raise a possible defense, a military judge has a duty to inquire further to resolve the apparent inconsistency." *United States v. Phillippe*, 63 M.J. 307, 310-11 (C.A.A.F. 2006); *see also United States v. Hayes*, 70 M.J. 454, 458-59 (C.A.A.F. 2012). "In determining on appeal whether there is a substantial inconsistency, this Court considers the 'full context' of the plea inquiry, including Appellant's stipulation of fact." *United States v. Goodman*, 70 M.J. 396, 399 (C.A.A.F. 2011) (quoting *United States v. Smauley*, 42 M.J. 449, 452 (C.A.A.F. 1995)).

Defense of property has "long [been] recognized . . . as an available [special] defense in the military justice system," *United States v. Davis*, 73 M.J 268, 272 n.5 (C.A.A.F. 2014) (internal citations omitted), as "[i]t is a well-recognized principle of law" that "reasonable force may be used to eject a trespasser." *United States v. Regalado*, 13 U.S.C.M.A. 480, 482-83, 33 C.M.R. 12, 14-15 (1963). Under this theory, an individual "may only use as much force as is reasonably necessary to remove an individual from his property after requesting that the individual leave and then allowing a reasonable amount of time for the individual to leave."[2] *Davis*, 73 M.J. at 272 (internal citation omitted). Aside from the amount of force used, our superior court has considered whether non-violent options were reasonably available to appellant. *E.g.*, *United States v. Marbury*, 56 M.J. 12, 16 (C.A.A.F. 2001) ("the record shows that appellant could, but did not, call military police to have [the trespasser] removed from her military quarters . . . This was some evidence from which the Court of Criminal Appeals . . . could find beyond a reasonable doubt that her [actions taken to eject the trespasser were] excessive or unreasonable force, hence unlawful conduct.").

---

[2] The other common use of the defense occurs when there exists an imminent threat of trespass or theft to the property. *Davis*, 73 M.J. 271. Under that theory, an accused may use force "necessary to prevent a trespass or theft of his real or personal property." *Id.* (internal citations omitted).

Considering the full context of the plea inquiry, appellant's statements did not raise the defense of property as a possible defense. In his plea colloquy with the military judge, appellant did make statements regarding Ms. ███s repeated refusal to leave his house. However, appellant's own admissions made clear the amount of force he used to eject Ms. ███ from his home was unreasonable. Appellant stated he "threw her to the ground," used "more force than necessary" to remove Ms. ███ from his home and "could have used much less force to get her out of [his] residence." Furthermore, appellant admitted he did not use other non-violent means to execute her removal, despite those avenues being available and no pressing need for him to use force.[3]

Appellant's statements during the plea colloquy admitted to the unreasonable use of force to eject a trespasser and acknowledged other non-violent means available besides force. Appellant's admissions disavowed the possibility of defense of property and further inquiry by the military judge was not required. *See United Hayes*, 70 M.J. at 459 (where defense argued appellee's unsworn statement raised the issue of duress, the Court found the plea colloquy and stipulation of fact negated that as a possible defense, making further inquiry by the judge unnecessary). Therefore, we find the military judge did not abuse his discretion in accepting appellant's plea of guilty.

## CONCLUSION

On consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Senior Judge FLEMING and Judge PENLAND concur.

FOR THE COURT:



//JAMES W. HERRING, JR.
Clerk of Court

---

[3] While the availability of non-violent means is not determinative on its own, it is further evidence appellant's force was unreasonable given all facts and circumstances. *Marbury*, 56 M.J. at 16.